1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

DERRICK LAMARK MOORE, SR.,

9

Plaintiff,

10

v.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

Defendant.

13

NO.  C14-233-JCC-JPD

REPORT AND
RECOMMENDATION

14      Plaintiff Derrick Lamark Moore, Sr. appeals the final decision of the Commissioner of

15  the Social Security Administration ("Commissioner") which denied his applications for

16  Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles

17  II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing

18  before an administrative law judge ("ALJ").  For the reasons set forth below, the Court

19  recommends that the Commissioner's decision be **REVERSED** and **REMANDED** for further

20  proceedings.

21                          I.      FACTS AND PROCEDURAL HISTORY

22      At the time of the administrative hearing, plaintiff was a 48 year old man with a GED.

23  Administrative Record ("AR") at 39.  His past work experience includes employment as a

24

REPORT AND RECOMMENDATION - 1

machine operator, warehouse worker, and truck driver.  AR at 24.  Plaintiff was last gainfully employed in 2010.  AR at 40.

On July 18, 2011, plaintiff filed a claim for SSI payments.  On July 18, 2011, he filed an application for DIB, alleging an onset date of June 30, 2005.  AR at 73, 85.  He subsequently amended his alleged onset date to September 20, 2010.  AR at 16, 37.  Plaintiff asserts that he is disabled due to depression, anxiety, Post Traumatic Stress Disorder ("PTSD"), torn right lateral meniscus, thyroidectomy leading to airway restrictions, sleep apnea, and drug and alcohol addiction in remission.   AR at 37-38, 18.

The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 110, 84, 96, 123.  Plaintiff requested a hearing which took place on September 10, 2012.  AR at 33-68.  On September 28, 2102, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 25.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1, making the ALJ's ruling the "final decision" of the Commissioner under 42 U.S.C. § 405(g).  On February 18, 2014, plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 3.

II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.      DECISION BELOW

On September 28, 2012, the ALJ issued a decision finding the following:

1.    The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

2.    The claimant has not engaged in substantial gainful activity since September 20, 2010, the alleged onset date.

3.    The claimant has the following severe impairments: Status post thyroidectomy; airway restriction; torn lateral meniscus, right knee; sleep apnea; depression; drug and alcohol addiction, in remission.

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except:  He can understand, remember, and carry out simple instructions, required of jobs classified at a level of SVP 1or 2, unskilled work; can make judgments on simple, work-related decisions; can respond appropriately to supervision, co-workers and deal with changes, all within a stable work environment; cannot deal with the general public

as in a sales/cashier position, or where the general public is frequently encountered as an essential element of the work process, such as telemarketing; incidental contact with the general public is not precluded so long as the public is not part of the work-process.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on XXXXX, 1963 and was 46 years old, which is defined as a younger individual age 45-49, on the amended alleged disability onset date.[2]

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2010, through the date of this decision.

AR at 18-26.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1.  Whether the ALJ erred in failing to find the plaintiff's PTSD or Anxiety Disorder a severe impairment.

2.  Whether the ALJ erred in failing to properly consider the opinions of the examining providers in the record and to provide adequate explanation for not according those opinions greater weight.

3.  Whether substantial evidence supports the ALJ's conclusion that the plaintiff has a residual functioning capacity to perform sedentary work, with the ability to respond appropriately to supervision and co-workers, and with incidental contact with the public so long as the public is not part of the work process.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

4.      Whether the ALJ erred in failing to provide legitimate reasons supported by the record for his finding on credibility, as required by 20 CFR 404.1529,416.929, and Social Security Ruling (SSR) 96-7p.

5.      Whether the Defendant's Appeal Council erred in failing to find the plaintiff disabled under the Medical-Vocational Guidelines pursuant to the ALJ's findings.

Dkt. 16 at 1-2.

## VII.    DISCUSSION

### A.    Anxiety and PTSD

At step two, a claimant must make a threshold showing that he has a medically determinable impairment or combination of impairments and the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). The step-two inquiry has been characterized as "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Id.* The claimant bears the burden of showing a medically determinable severe impairment. *Bowen*, 482 U.S. at 146 & n.5.

Here, plaintiff contends the ALJ erred at step two by omitting his diagnosed PTSD and anxiety disorder as severe impairments. Dkt. 16 at 4. The Commissioner concedes PTSD and anxiety disorders are severe impairments, and that the ALJ erred. However, the Commissioner argues "because plaintiff failed to show that his anxiety or PTSD caused unaddressed limitations in plaintiff's ability to do basic work activities, plaintiff fails to show how the ALJ committed harmful error." Dkt. 17 at 5. The record belies the argument. The record establishes that depression affected plaintiff differently than his anxiety and PTSD. For example, Melanie Mitchell, Psy.D., diagnosed plaintiff with depression, anxiety disorder and

REPORT AND RECOMMENDATION - 7

1    PTSD.  AR at 393.  Dr. Mitchell observed separate symptoms for each disorder.  As to

2    depression she observed "fatigue" noting plaintiff was "sad," did not want to get out of bed,

3    and opined these symptoms would affect his ability to sustain productive pace and persistence.

4    AR at 392.  As to anxiety she observed plaintiff was "anxious" and that he was scared of the

5    future, overwhelmed, was intolerant of others, and that these symptoms would cause him

6    difficulty "focusing."  *Id.*  And as to PTSD, she observed plaintiff was "hypervigilant,"

7    engaged in avoidance, had exaggerated startle responses and trouble trusting others.  *Id.*  Dr.

8    Mitchell opined plaintiff would have difficulty interacting with others appropriately due to fear

9    and lack of trust.  *Id.*

10          Cassandra Clark, Ph.D., diagnosed plaintiff with depression, anxiety disorder and

11   personality disorder with paranoid features.  AR at 399.  Dr. Clark also observed separate

12   symptoms for each disorder.  As to depression she opined plaintiff would have lack of interest

13   in work and difficulty sustaining productive pace and persistence in the workplace.  AR at 398.

14   As to "anxiety/panic" she opined plaintiff would have difficulty interacting with others and

15   would "bolt" when his anxiety became unmanageable.  *Id.*  And as to paranoia, she opined

16   plaintiff would have "difficulty seeing the normal slights and disappointments of the workplace

17   as any other than persecution."  *Id*.

18          The ALJ failed to mention anxiety disorder or PTSD and thus there is no basis to

19   conclude the ALJ considered the limitations flowing from these impairments.  This error

20   cannot be deemed harmless, i.e., "inconsequential to the ultimate non-disability

21   determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  Whether severe or

22   non-severe, the ALJ must consider all medically determinable impairments when establishing

23   the RFC.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  The ALJ's failure to do so in this case

24   resulted in the failure to assess plaintiff's anxiety disorder and PTSD which, as discussed

1   above, caused symptoms that limited plaintiff's ability to perform substantial gainful work

2   activity in ways not accounted for by the depression diagnosis alone.

3          B.       Examining Provider Evidence

4          The ALJ gave little weight to the plaintiff's mental health providers, Cassandra Clark,

5   Ph.D., James Czysz, Ph.D., Melanie Mitchell, Psy.D., and Paul Grills, ARNP.  AR at 24.  The

6   ALJ found that "[t]he credibility of all four of these opinions is eroded because these

7   examiners relied on the claimant, who is not entirely credible, than the objective evidence

8   when assessing the severity of his impairments."  *Id.*  Plaintiff contends that the ALJ

9   erroneously discounted these opinions and improperly relied on the opinion of Thomas

10  Carollo, M.D., who evaluated Plainitff before his amended onset date and sobriety.  Dkt. 16 at

11  5.

12         1.    *Medical Sources*

13         Drs. Clark, Mitchell, and Czysz provided medical source opinions as to plaintiff's

14  mental impairments.  AR 391-6, 397-402, 890-3.  Where uncontradicted, the ALJ may only

15  reject an examining physician's opinion for "clear and convincing reasons."  *Lester v. Chater*,

16  81 F.3d 821, 830-31 (9th Cir. 1996).  Where contradicted, an examining physician's opinion

17  may only be rejected for "specific and legitimate" reasons that are supported by substantial

18  evidence in the record.  *Id.* at 831.  Here, the ALJ gave one general statement that all three

19  medical sources had little credibility due to reliance on the claimant's dubious self-reports

20  rather than objective evidence.  AR at 24.  However, "an ALJ does not provide clear and

21  convincing reasons for rejecting an examining physician's opinion by questioning the

22  credibility of the patient's complaints where the doctor does not discredit those complaints and

23  supports his ultimate opinion with his own observations."  *Ryan v. Comm'r of Soc. Sec.*, 528

24  F.3d 1194, 1199-1200 (9th Cir. 2008).

REPORT AND RECOMMENDATION - 9

1    Dr. Clark evaluated plaintiff in June of 2010, shortly before his amended onset date and

2    attainment of sobriety.  AR at 397.  Dr. Clark conducted a Mini-Mental State Evaluation,

3    which showed no cognitive impairment, and Beck's Depression Inventory II, which revealed

4    severe depression.  AR at 400, 402.  These are both clinical tests with objective results.

5    Additionally, Dr. Clark reported that she observed symptoms of depression, anxiety, panic, and

6    paranoia during her evaluation.  AR at 398.  She expressed no concerns as to plaintiff's

7    credibility.  Based on the clinical testing and her personal observations, Dr. Clark diagnosed

8    Major Depressive Disorder and Anxiety Disorder and noted marked impairments in plaintiff's

9    ability to relate to co-workers and supervisors and tolerate and maintain appropriate behavior

10   in the workplace.  AR at 399-400.  Thus, the record shows that Dr. Clark did not solely rely on

11   plaintiff's statements to form her opinion.  The ALJ's decision to discount Dr. Clark's opinion

12   is therefore not supported by substantial evidence.

13   Dr. Mitchell examined plaintiff in June 2011 and diagnosed chronic, severe PTSD,

14   Major Depressive Disorder and Generalized Anxiety Disorder .  AR at 393.  During the

15   evaluation, Dr. Mitchell observed fatigue, anxiety, and hypervigilance.  AR at 392.  She

16   conducted a mental status exam that revealed severe limitations in plaintiff's ability to follow

17   complex instructions, memory, and concentration.  AR at 394-6.  The testing and observations

18   led Dr. Mitchell to opine that "[c]lient's ability to adapt to routine changes in a typical work

19   setting is likely to be impacted significantly by increased anxiety, depression.  Due to his

20   current level of symptoms and distress he would likely not be employable at this time."  AR at

21   394.  Dr. Mitchell arrived at this opinion based on personal observations and testing.  She

22   expressed no concerns about plaintiff's credibility or symptomology.  The ALJ's rejection of

23   this opinion as based solely on plaintiff's self-report is thus erroneous and requires reversal and

24   remand.

1    With respect to Dr. Czysz's opinion that "employability would be difficult" for plaintiff

2    due to PTSD and major depression following a psychological evaluation in May 2012, the ALJ

3    cited two reasons for rejecting Dr. Czysz's opinion.  AR at 890, 891.  First, the ALJ found the

4    doctor's opinions were inconsistent with tests the doctor's performed that showed plaintiff to

5    be fully oriented, with a good fund of knowledge, and able to concentrate and perform simple

6    tasks.  AR at 24.  The record does not support the ALJ's finding.  Dr. Czysz did not opine these

7    limitations precluded plaintiff from performing simple work tasks.  Rather, Dr. Czysz

8    performed a mental status exam, and found that plaintiff was "angry but cooperative" and

9    "demonstrated his difficulty with structure and authority in the session." AR at 892.  The

10   doctor further found that plaintiff was depressed, irritable, and anxious, and that his thought

11   content was "[r]emarkable for his angry ruminations, self-criticism, and his perseveration

12   about the perceived injustices from his past." *Id.*  Dr. Czysz also observed that plaintiff had

13   depressed mood, anxiety with features of PTSD, irritability, anger, increased sensitivity to

14   interpersonal slights, interpretation of events as personally threatening, and externalization of

15   blame.  AR at 890.  Based on the testing he performed and his observations of plaintiff, Dr.

16   Czysz opined "[h]e is quite resentfull [sic] and he has remarkable difficulty with authority

17   figures.  His interpersonal behavior, resentment, and interpersonal intolerance would make

18   employment difficult." AR at 891.

19   Thus, the ALJ is correct that the mental status exam showed full orientation, adequate

20   memory, good concentration and knowledge.  AR at 892.  However, Dr. Czysz did not opine

21   that plaintiff's cognitive abilities would limit his employability.  Instead, Dr. Czysz opined that

22   plaintiff's employment difficulties were based on his interpersonal behaviors and intolerance.

23   AR 890-2.  Accordingly, substantial evidence does not support the ALJ's finding that Dr.

24   Czysz's opinion conflicts with the objective testing.

1    Second, the ALJ discounted Dr. Czysz opinions on the grounds that they relied on

2    plaintiff's unreliable self-reports.  As noted above, Dr. Czysz made his own observations and

3    conducted a mental status examination.  Dr. Czysz also conducted the Rey 15 item malingering

4    test and explicitly found no evidence of malingering or dissimulation.  AR at 892.

5    Accordingly, the record does not support the ALJ's finding that Dr. Czysz mainly based his

6    opinion on plaintiff's subjective complaints.

7    In sum, the ALJ erred by giving little weight to the opinions of Drs. Clark, Mitchell,

8    and Czysz.  The record shows that each doctor conducted professional clinical assessments,

9    and came to conclusions based on personal observation or test results.  There is no indication

10   the doctors believed plaintiff was malingering and simply relied on the statements plaintiff

11   made to them in arriving at their conclusions.  The ALJ further erred in discounting the

12   doctors' opinions based on inconsistency with plaintiff's cognitive abilities, i.e, orientation,

13   fund of knowledge, ability to follow a three-step command and spelling ability, as the doctors

14   opined that plaintiff's limitations flowed from depression, anxiety and PTSD, rather than

15   limited cognitive abilities.  The Court accordingly concludes the ALJ erred in discounting the

16   three doctors' opinions because his findings are not supported by substantial evidence.  This

17   error was harmful, because it resulted in a RFC determination that did not account for all of

18   plaintiff's limitations.  *See* 20 C.F.R. § 416.945(a) (In determining a claimant's RFC, an ALJ

19   must assess all the relevant evidence, including medical reports and witnesses' descriptions of

20   limitation, to determine what capacity the claimant has for work).

21   Finally, the Court notes that the ALJ assigned substantial weight to the opinions of

22   Thomas Carollo, M.D.  AR at 23.  To the extent the ALJ relied on Dr. Carollo's opinions to

23   discount the medical opinions discussed above, the ALJ erred.  Dr. Carollo evaluated plaintiff

24   more than a year before the amended onset date, AR at 37, 364, his opinion therefore has

REPORT AND RECOMMENDATION - 12

1    limited relevance. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.

2    2008).  Moreover, Dr. Carollo only diagnosed plaintiff with substance induced mood disorder

3    and substance abuse.  Because the Dr. Carollo did not address depression, anxiety disorder and

4    PTSD, his opinions are not evidence that would contradict the opinions of Drs. Czysz,

5    Mitchell, and Clark.  On remand, the ALJ should reevaluate the medical opinion evidence of

6    Drs. Czysz, Mitchell, Clark, and Carollo.

7                    2.       *Other Sources*

8            Plaintiff contends the ALJ erred in discounting the opinions of his therapist, Paul Grills,

9    ARNP, and his vocational rehabilitation counselors Heidi Dirkse-Graw, M.S. and Joe

10   Burgmeier, M.A.  AR at 973-77, 985-999.  These individuals are either private or public social

11   welfare agency personnel, and are thus considered "other sources" under 20 C.F.R. §

12   404.1513(d)(3).  The ALJ must therefore provide germane reasons to reject the evidence of

13   these other sources.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

14           The ALJ rejected Mr. Grills' opinion for the same reasons he rejected the medical

15   sources discussed above.  AR at 24.  Mr. Grills diagnosed PTSD and Major Depression; there

16   is no indication that Mr. Grills believed plaintiff was malingering.  AR at 977.  Although Mr.

17   Grills noted statements plaintiff made, his assessment was also based on clinical testing.  AR at

18   973-4.  Mr. Grills conducted a mental status exam that showed plaintiff to be oriented and

19   cooperative with appropriate thought content.  AR at 975.  But, the exam also revealed that

20   plaintiff had some memory lapses, depressed and anxious mood, and restricted, blunted affect.

21   *Id.*  Mr. Grills also administered the PHQ9 and PTSD checklist.  AR at 973-4.  The PHQ9 test

22   score indicated moderately severe depression.  AR at 973.  The PTSD checklist showed

23   moderately severe posttraumatic stress.  AR at 974.  These clinical test results and observations

24   informed Mr. Grills' opinion.  Accordingly, substantial evidence does not support the ALJ's

conclusion that Mr. Grills relied more on plaintiff's statements than objective evidence, or that his opinions are inconsistent with tests he performed.  The ALJ accordingly erred in rejecting Mr. Grills' opinion.

Heidi Dirkse-Graw, Certified Rehabilitation Counselor, and Joe Burgmeier, vocational evaluator, completed a comprehensive vocational evaluation for the Division of Vocational Rehabilitation.  AR at 985-999.  They conducted approximately seven hours of testing.  AR at 986.  The testing revealed that plaintiff's personality style "identifies a pattern of relating to the world and others that raises significant concerns over healthy work adjustment and development of interpersonal relations on-the-job."  AR at 997.  His scores on "emotional behavioral overlay (SS 61) and adaptive behavior/coping (SS70) also both fall within a range that is predicted to cause workplace issues that may be resistant to change due to his diagnosis of personality disorder."  AR at 997.  Ms. Dirkse-Graw and Mr. Burgmeier concluded that the results strongly suggest that plaintiff's diagnoses "will preclude his successful participation in VR services, at this time, as he endorses a frequency of symptomology that is predicted to cause workplace disturbances both in productivity and interpersonal relations."  AR at 998.

The ALJ found these opinions were inconsistent with the evidence because, "the claimant is not only seeking assistance from the DVR to help him find employment, but '… insists that he must earn at least $15/hr and has recently turned down employment at $12/hr.'"  AR at 24. While it is true that plaintiff has sought assistance and refused employment, this does not undermine the assessments provided by the counselors.  Plaintiff's preferences are entirely separate from the analysis conducted by the rehabilitation counselors.  Plaintiff 's desire for employment at a certain level of compensation does not impact the objective results gathered from almost seven hours of testing.  Plaintiff may desire a $15/hour job, but Ms. Dirkse-Graw and Mr. Burgmeier clearly concluded that his behavior is likely to

REPORT AND RECOMMENDATION - 14

1    cause workplace disruption and render him unemployable, a finding unrelated to plaintiff's

2    desire for certain pay.   Accordingly, the ALJ failed to provide a germane reason to reject the

3    opinion of Ms. Dirkse-Graw and Mr. Burgmeier.  This error was not harmless because it

4    resulted in a RFC determination that did not account for all of plaintiff's limitations.

5            B.      Credibility

6            The ALJ conducts a two step analysis when assessing the credibility of a claimant's

7    testimony about symptoms and subjective pain.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-6

8    (9th Cir. 2007).  The ALJ must first determine "whether the claimant has presented objective

9    medical evidence of an underlying impairment which could reasonably be expected to produce

10   the pain or other symptoms alleged."  *Id*. at 1036 (internal quotation and citation omitted).

11   Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must

12   provide clear and convincing reasons for rejecting the evidence.  *Lester*, 81 F.3d at 834.

13          The ALJ discounted plaintiff's testimony about the severity of his symptoms on the

14   grounds that there were inconsistencies between the medical evidence and plaintiff's

15   activities, plaintiff's criminal history,  his desire to receive benefits and "have a more normal

16   life," and his efforts to obtain employment.  AR at 22-23.  Some of the ALJ's reasons are

17   invalid.[3]  However, the ALJ correctly notes plaintiff recently turned down an offer of

18   employment for $12 an hour.  AR at 22, 998.  The only mention of this offer comes from the

19   _____

20          [3] For instance, the ALJ found "the claimant's statement that he would like to get on SSI
     and have a more normal life further erodes his credibility, as it implies that he wants the

21   benefits but is not actually disabled.  Or it could be interpreted to mean that for this young
     person, age 48, a 'normal life' is one of enjoying early retirement."  AR at 23.  However an

22   "ALJ may not chastise a claimant for seeking disability benefits payments; such reasoning
     circumvents the very purpose of disability benefit applications."  *Edgar v. Astrue*, 2010 WL

23   2730927, at *5 (D.Or. June 2, 2010) (citing *Ratio v. Chater*., 839 F.Supp. 1415, 1428
     (D.Or.1993).  Further the ALJ's finding is unsupported; there is nothing in the record

24   establishing that plaintiff seeks improper secondary gain or desires an "early retirement."

REPORT AND RECOMMENDATION - 15

1   vocational rehabilitation counselors' report, which offers few details and which indicated that

2   "[t]his position may have been a temporary position that may not have been the most ideal."

3   AR at 998.   The counselor's report however shows that plaintiff rejected a job offer solely due

4   to his desire for a higher pay, rather than due to any disability or inability to work.  AR at 998.

5   This job offer and rejection of employment based only on financial considerations, not

6   disability, indicates  plaintiff considers himself employable—and has held himself out as

7   such—which is inconsistent with his claim that he is unable to perform any work.  *Carmickle*

8   *v. Comm'r of Soc. Sec.*, 533 F.3d 1115, 1161-62 (9th Cir. 2008).  This is a clear and convincing

9   reason to find plaintiff's testimony less than credible.

10       Plaintiff argues that his refusal to take a job unless it paid $15 an hour does not

11   demonstrate an ability to work. Dkt. 16 at 17.  Instead, "[i]t only indicates that an employer,

12   who did not have comprehensive information available in the record regarding his

13   impairments, thought he might be capable of working, and the Plaintiff declined the offer."

14   Dkt. 16 at 17.  This argument is merely an alternative interpretation of the facts.  The Court

15   may not second guess the ALJ's interpretation where, as here, it is also reasonable and based

16   on substantial evidence in the record.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

17       Therefore, because the ALJ gave at least one valid reason to discount plaintiff's

18   testimony, the ALJ's credibility determination should be affirmed, even assuming the other

19   reasons the ALJ gave were invalid.  *Carmickle*, 533 F.3d at 1162 (including erroneous reasons

20   among other valid reasons to discount a claimant's credibility does not negate the ALJ's

21   determination and is, at most, harmless error).

22      C.    <u>Scope of Remand</u>

23       While the ALJ committed harmless error in discounting Mr. Moore's credibility, he

24   committed several harmful errors as noted above.   Plaintiff argues the errors the ALJ

REPORT AND RECOMMENDATION - 16

committed call for an award of benefits.  Dkt. 16 at 20.  The decision whether to remand for

additional evidence or to award benefits is within the Court's discretion. *Reddick v. Chater*,

157 F.3d 715, 728 (9th Cir. 1998).  A remand for award of benefits is appropriate when each

part of the three-part credit-as-true standard is satisfied.  *Garrison v. Colvin*, 759 F.3d 995,

1020 (9th Cir. 2014).  The requirements are:

> (1) the record has been fully developed and further administrative proceedings
> would serve no useful purpose; (2) the ALJ has failed to provide legally
> sufficient reasons for rejecting evidence, whether claimant testimony or medical
> opinion; and (3) if the improperly discredited evidence were credited as true, the
> ALJ would be required to find the claimant disabled on remand.

*Id.*  Here, the ALJ clearly failed to provide legally sufficient reasons for rejecting the medical

and lay evidence pertaining to plaintiff's mental impairments, and also omitted any discussion

of plaintiff's PTSD and anxiety disorder.  However, based on the present record, the Court

cannot ascertain the exact severity of the limitations caused by plaintiff's impairments, severe

or non-severe.  The Court thus cannot accurately assess plaintiff's RFC and whether his

limitations preclude all work activity.  These are determinations that require further

development and are properly within the province of the ALJ and vocational expert.

Accordingly, because it is clear that further proceedings would serve a useful purpose, the case

should be remanded for additional administrative proceedings under sentence four of 42 U.S.C.

§ 405(g).  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Finally, the Court notes that plaintiff turned 50 years of age while his case was pending

before the Appeals Council.  AR at 1, 24.  Given the fact that the ALJ found plaintiff had the

RFC to perform sedentary work, plaintiff contends that the Medical-Vocational Guidelines

would direct a finding of disability as of plaintiff's 50th birthday on October 4, 2013 when he

moved into the category of "closely approaching advanced age."   20 C.F.R. 404, Sub. P, App.

REPORT AND RECOMMENDATION - 17

2 § 201.14.  Plaintiff thus argues the Court should find him disabled and award benefits as of October 4, 2013.  Dkt. 19 at 20.

However, the ALJ's decision was issued on September 28, 2012, before plaintiff's 50th birthday.  AR at 26.  The ALJ adjudicated plaintiff's claim that he was disabled from September 20, 2010, to the date his decision was entered.  Plaintiff did not raise the argument that his upcoming 50th birthday and age category change might alter his disability claim in the Appeals Council, or supplement his request for review after his 50th birthday.  AR at 325-9.  His age category change argument thus raises a claim never presented to the Commissioner.  As general rule, a Court will "not consider issues not presented before an administrative proceeding at the appropriate time." *Marathon Oil v. United States*, 807 F.2d 759, 767 (9th Cir.1986). cert. denied, 480 U.S. 940 (1987).  Accordingly, the Court declines to adjudicate plaintiff's age change argument, in this appeal.  The Court notes that it appears plaintiff has the ability to file a new claim based on his age change.  As the Commissioner notes, plaintiff faces no bar to filing a new claim, and should do so in light of the ALJ's uncontested determination that plaintiff is limited to sedentary work and is now at least 50 years of age. Dkt.  17 at 14-15 (citing SSR 11-1p).

In sum, the case should be remanded for further proceedings under sentence four of 42 U.S.C. § 405(g) to address plaintiff's claim that he was unable to engage in gainful work activity beginning on September 20, 2010.  On remand, the ALJ must reevaluate the opinions of Drs. Clark, Mitchell, Czysz, and Carollo, as well as the lay witness evidence from Mr. Grills, Ms. Dirkse-Graw, and Mr. Burgmeier.  The ALJ should address plaintiff's diagnoses of anxiety and PTSD, and determine the impact of these severe impairments on plaintiff's RFC. The ALJ should proceed to step five and call a vocational expert as needed based on changes to the RFC.

1

VIII.   CONCLUSION

2          For the foregoing reasons, the Court recommends that this case be REVERSED and

3  REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

4  instructions.  A proposed order accompanies this Report and Recommendation.

5          Objections to this Report and Recommendation, if any, should be filed with the Clerk

6  and served upon all parties to this suit by no later than **March 9, 2015**.  Failure to file

7  objections within the specified time may affect your right to appeal.  Objections should be

8  noted for consideration on the District Judge's motion calendar for the third Friday after they

9  are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

10  objections.  If no timely objections are filed, the matter will be ready for consideration by the

11  District Judge on **March 13, 2015**.

12          This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

13  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

14  assigned District Judge acts on this Report and Recommendation.

15          DATED this 23rd day of February, 2015.

16

17          _____

18          JAMES P. DONOHUE
            United States Magistrate Judge

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 19